```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :        19cv4171 (DLC)
NELSON RODRIGUEZ,             :
                              :
              Petitioner,     :        OPINION AND ORDER
                              :
         -v-                  :
                              :
MICHAEL CAPRA,               :
              Respondent.     :
                              :
------------------------------X
```

APPEARANCES:

For the petitioner:
Center for Appellate Litigation
Alexandra Leigh Mitter
120 Wall Street
New York, NY 10005

For the respondent:
New York County District Attorney Office
Stephen Joseph Kress
One Hogan Place
New York, NY 10013

DENISE COTE, District Judge:

On February 27, 2023, petitioner Nelson Rodriguez moved for

reconsideration of an Opinion of February 13, 2023 (the

"Opinion") which denied his petition for writ of habeas corpus

and denied a certificate of appealability.  The Court will grant

in forma pauperis status to the petitioner but otherwise denies

the motion for reconsideration.

## Background

The Court presumes familiarity with the Opinion denying the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Rodriguez v. Capra, 19cv4171 (DLC), 2023 WL 1967628 (S.D.N.Y. Feb. 13, 2023).  Nelson Rodriguez is serving a twenty-three year term of imprisonment following his conviction by a jury in New York state court for sexual conduct against his daughter.  In his petition, Rodriguez asserts principally that his attorney failed to provide him with effective assistance of counsel at the trial.

The trial evidence is described in detail in the Opinion. Briefly, at the trial, which was held in 2009, the prosecution established that Rodriguez had sexually abused his daughter, JR, beginning when JR was eight years old.  Over the next four or so years, Rodriguez continually engaged in sexual conduct with JR. JR first disclosed the abuse roughly two years later, in December 2008, when she was fourteen years old.

The pediatric nurse practitioner who conducted the physical examination of JR a few days after JR reported the abuse to her mother testified that she found no physical evidence of the abuse, but that the passage of time could account for the absence of such evidence.  Dr. Donald J. Lewittes, who testified as an expert in clinical and forensic psychology, described a phenomenon called the intrafamilial child sexual abuse syndrome

or CSAAS.  He opined that it is common for children to delay disclosure of sexual abuse until they are no longer in the home where the abuse occurred.

Rodriguez's step-daughter Carolina Alcantara ("Alcantara") testified that Rodriguez had abused her for about three years, beginning when Alcantara eleven years old.  This abuse occurred nearly a decade before Rodriguez began to abuse JR.  Alcantara explained that hearing in 2009 of JR's experience, Alcantara disclosed her own experience of abuse.  Alcantara was twenty-seven years old when she testified at trial.

At trial, defense counsel emphasized that the nurse practitioner saw no physical evidence of the abuse at the time she examined JR despite JR's testimony that she had been abused for years with sexual acts including penetration.  He emphasized as well JR's delay in reporting the abuse and JR's motive to take revenge on her father following an argument they had had.

Rodriguez was convicted on November 30, 2009, of one count of a course of sexual misconduct against a child in the first degree.  On December 17, 2009, the court sentenced Rodriguez principally to twenty-three years' imprisonment.

On June 10, 2013, represented by new counsel, Rodriguez moved to vacate his conviction pursuant to C.P.L. § 440.10 ("§ 440").  The judge who had presided over the trial held a § 440 hearing to address Rodriguez's ineffective assistance of counsel

3

claims.  On December 1, 2016, in a 39-page opinion, the court
denied the § 440 motion.  The court summarized the § 440
testimony in considerable detail and explained the reasons for
rejecting the motion.

Rodriguez appealed, and on March 29, 2018, the Appellate
Division unanimously affirmed the conviction and the denial of
the § 440 motion.  People v. Rodriguez, 73 N.Y.S.3d 555 (1st
Dep't 2018).  In a brief decision, the court concluded that, due
to the lack of physical evidence of abuse, "counsel's decision
not to call a medical expert did not constitute ineffective
assistance of counsel."  Id. at 557.  The Appellate Division
rejected Rodriguez's remaining arguments in support of the
ineffectiveness claims.  Id.  The New York Court of Appeals
denied Rodriguez leave to appeal on June 12, 2018.  People v.
Rodriguez, 31 N.Y.3d 1121 (2018).

On May 8, 2019, Rodriguez filed the habeas petition.  The
judge to whom this case was then assigned referred the petition
to Magistrate Judge Sarah Netburn for a report and
recommendation.  On May 23, 2022, Judge Netburn recommended
denying the petition ("Report").  She also recommended
certifying one issue for review by the Court of Appeals.

On February 13, 2023, the Opinion adopted the Report to the
extent that it recommended denying the petition.  Rodriguez,
2023 WL 1967628, at *9.  The Court conducted de novo review of

4

Rodriguez's claims that counsel was ineffective for (1) failing to consult with or call a medical expert, (2) failing to consult with or call a psychological expert, and (3) failing to impeach the complainant.  See id. at *3-7.  The Opinion held that Rodriguez had not demonstrated that the state court's conclusion that his trial counsel was effective was an unreasonable application of clearly established federal law.  The Opinion also declined to issue a certificate of appealability, holding that Rodriguez had failed to show that "reasonable jurists would find that the Appellate Division erred when it affirmed the denial of Rodriguez's § 440 motion."  Id. at *6.

### Discussion

The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Cho, 991 F.3d at 170.  The decision to grant or deny the motion for reconsideration

5

rests within "the sound discretion of the district court."
Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation
omitted).

The petitioner makes two requests in his motion for
reconsideration.  First, the petitioner requests that the Court
strike the penultimate sentence of the final paragraph of the
Opinion, which reads: "Pursuant to 28 U.S.C. § 1915(a)(3), any
appeal from this Order would not be taken in good faith."
Rodriguez, 2023 WL 1967628, at *9.  Petitioner is represented by
pro bono counsel who has received no remuneration from the
petitioner.  It seeks to allow Rodriguez to proceed in the Court
of Appeals in forma pauperis.  That application is granted.

Second, the petitioner requests that the Court issue a
certificate of appealability.  "A certificate of appealability
may issue . . . only if the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  In other words, for a district court to issue a
certificate of appealability, "[t]he petitioner must demonstrate
that reasonable jurists would find the district court's
assessment of the constitutional claims debatable or wrong."
Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation
omitted).  The petitioner moves for reconsideration of the
denial of a certificate of appealability as to the ineffective
assistance of counsel claims relating to trial counsel's failure

to consult with or call experts and failure to impeach the complainant.

Before speaking to the specific claims, a discussion of the standard of deference to state court decisions under 28 U.S.C. § 2254 is warranted.  Under section 2254,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The petitioner does not contend that the state court decisions here were contrary to clearly established federal law.

A state court's decision is an unreasonable application of law clearly established by the Supreme Court "if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts."  Jordan v. Lamanna, 33 F.4th 144, 150 (2d Cir. 2022) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).  The writ can be granted on the ground of

unreasonableness "only if the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 151 (citation omitted).

> To establish ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance caused prejudice to the defendant -- that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). "[S]trategic decisions -- including whether to hire an expert -- are entitled to a strong presumption of reasonableness." Dunn v. Reeves, 141 S. Ct. 2405, 2410 (2021) (citing Harrington v. Richter, 562 U.S. 86, 104 (2011)). On habeas review, the petitioner must show that the state court's decision on the ineffectiveness claim was unreasonable. Shinn v. Kayer, 141 S. Ct. 517, 523 (2020) (per curiam); Waiters v. Lee, 857 F.3d 466, 478 (2d Cir. 2017). "The analysis is doubly deferential when, as here, a state court has decided that counsel performed adequately." Dunn, 141 S. Ct. at 2410. Put differently, "a federal court may grant relief only if every fairminded jurist would agree that every reasonable lawyer would

have made a different decision."  Id. at 2411 (emphasis in
original).

Therefore, the operative question for the review of the
petition was whether every fairminded jurist would agree that
the state court unreasonably applied the Strickland standard.
The petitioner failed to make that showing, and the Opinion
denied the petition.  To obtain a certificate of appealability,
the petitioner had to demonstrate that reasonable jurists would
find the district court's assessment of that question debatable
or wrong.  Given the highly deferential standard of review which
the Supreme Court has emphasized must be given to state court
decisions of the kind at issue here, this the petitioner also
failed to do.  To obtain reconsideration of the decision denying
a certificate of appealability, the petitioner must demonstrate
that the Opinion contains clear error, that there has been an
intervening change in the law, or that the Court overlooked
petitioner's meritorious arguments.  Again, the petitioner has
not made that showing.

Rodriguez argues that the Opinion erred in failing to issue
a certificate of appealability as to the ineffectiveness claims
based on (1) the failure to consult with or call a medical
expert; (2) the failure to consult with or call a psychological
expert; and (3) the failure to impeach the complainant.  A brief
summary of the claims is included below.  A more thorough

discussion of all of Rodriguez's claims can be found in the
Opinion.

I.    Failure to Consult with or Call a Medical Expert

At trial, the nurse testified that she found no physical
sign of any trauma from the sexual abuse described by JR.  She
explained that any injuries could have healed due to the delay
in disclosing the abuse.  Rodriguez argued in his § 440 petition
that his representation at trial was ineffective because his
attorney failed to consult with a medical expert.  At the § 440
hearing he called an emergency room doctor, who admitted that it
was possible for penetration to leave no physical evidence of
injury.  The State's expert at the hearing testified that
healing is extremely rapid in children of JR's age.

The state court found that trial counsel's decision not to
call an expert was not objectively unreasonable given the lack
of physical evidence of abuse and the long delay in making the
claim of abuse.  Rodriguez, 2023 WL 1967628, at *3-4.  The
Appellate Division also denied the ineffectiveness claim,
reasoning that the decision not to call a medical expert did not
constitute ineffective assistance when the nurse conceded that
"an examination of the victim did not reveal any physical signs
of abuse."  Id. at *4 (citation omitted).  The Opinion held that
the state court's application of Strickland was not
unreasonable.  Id.

The petitioner has not shown in this motion for reconsideration that the Opinion erred or overlooked any pertinent authority that the petitioner cited.  The Opinion discussed both of the Second Circuit decisions on which the motion for reconsideration relies.  Pavel v. Hollins, 261 F.3d 210 (2d Cir. 2001); Gersten v. Senkowski, 426 F.3d 588 (2d Cir. 2005).[1]

The petitioner contends that the Opinion "misstated the facts" of Pavel when the Opinion noted that in Pavel, unlike here, there was "some physical evidence that was consistent with abuse."  Rodriguez, 2023 WL 1967628 at *5.  Rodriguez admits that this statement was accurate as to one victim, but complains that the Opinion failed to mention that there was no physical evidence of sexual abuse of a second victim in Pavel and that the Second Circuit criticized defense counsel for being unprepared to explore this "disparity."  Pavel, 261 F.3d at 225.  The Opinion's discussion of Pavel was entirely fair.  The existence of the "disparity" in the medical evidence Pavel is

---

[1]  The motion for reconsideration relies as well on a 1998 Eleventh Circuit decision and a 2003 district court decision. Holsomback v. White, 133 F.3d 1382 (11th Cir. 1998); Miller v. Senkowski, 268 F. Supp. 2d 296 (E.D.N.Y. 2003).  Neither is controlling authority nor apt.  Holsomback conducted a de novo review of the constitutional question, rather than applying the deference required today by § 2254(d).  133 F.3d at 1385.  In Miller, the prosecution's expert testified that he found physical evidence of abuse.  268 F. Supp. 2d at 303.

11

yet another reason that Pavel provides little guidance for resolution of the instant petition.  As the Opinion noted, the Court of Appeals in Pavel found a host of errors by defense counsel, with the decision not to call a medical expert being just one.  Rodriguez, 2023 WL 1967628, at *5.  Pavel found that defense counsel had been avoiding work rather than serving his client's interests.  Pavel, 261 F.3d at 218.  Rodriguez fails to show that the Opinion's rejection of this claim should be reconsidered.

II.  Failure to Consult with or Call a Psychological Expert

At trial, the State called an expert who testified that children commonly delay disclosure of abuse.  In his § 440 petition, Rodriguez argued that his attorney was ineffective for failing to consult with or call a psychological expert.  The § 440 court noted that testimony like that given by the State's expert is routinely accepted in state court proceedings and that defense counsel had elicited from the expert at trial that the expert could not diagnose whether JR had been sexually abused. The state court added that Rodriguez had failed to show that there was a reasonable probability that calling a defense expert would have affected the outcome.  Rodriguez, 2023 WL 1967628, at *5.  The Opinion held that Rodriguez had failed to show that the state court unreasonably applied Supreme Court jurisprudence. Id. at *6.

In the motion for reconsideration, Rodriguez argues that the Opinion overlooked Eze v. Senkowski, 321 F.3d 110 (2d Cir. 2003).  Eze was not discussed in the Opinion, but the Eze decision does not assist Rodriguez.

Eze noted that expert testimony on the behavioral patterns of sexually abused children, like that given at the Rodriguez trial, is admissible under New York law.  Id. at 131.  Eze also declined to find defense counsel's cross examination of the State's expert deficient.  Id. at 132.  The Court of Appeals was "troubled," however, by defense counsel's failure to call a rebuttal expert and the absence of any record as to whether defense counsel had pursued a "sound trial strategy."  Id. Based on this and several other allegations of errors, the Second Circuit remanded the Eze petition to afford trial counsel the opportunity to explain her strategic choices.  Id. at 136-37.

Even on this last point, Eze is of little assistance to Rodriguez.  The Eze court did not have the benefit of a reasoned state court decision or defense counsel's testimony in a § 440 hearing.  See id. at 119.  Here, by contrast, the § 440 court held a five-day hearing, in which it heard testimony from Rodriguez's trial counsel, and after which it issued a 39-page opinion.  It found that defense counsel was not ineffective for failing to call an expert to discredit the testimony given by

the State's expert.  Rodriguez, 2023 WL 1967628, at \*5.  Insofar
as the context in which those strategic decisions were made is
relevant, there is also a major distinction between the two
cases.  In Eze, there was physical evidence to corroborate the
abuse.  Eze, 321 F.3d at 115.  Here, there was no physical
indicia of abuse, and trial counsel pursued a theory of defense
that emphasized that absence as well as the existence of a
motive to wrongfully accuse the defendant.  Relief is warranted
on an ineffectiveness claim only if the record reveals "that
counsel took an approach that no competent lawyer would have
chosen."  Dunn, 141 S. Ct. at 2410 (citation omitted).  Given
this standard and for the reasons explained in the Opinion, the
state court's decision did not unreasonably apply Sixth
Amendment law.

The motion for reconsideration argues as well that because
Magistrate Judge Netburn, a reasonable jurist, found that a
certificate of appealability should issue on this claim, this
Court is required to issue a certificate of appealability.  But,
as the Opinion explained, when attention is directed to the
standard of review which applies to a state court's decision on
an ineffective assistance of counsel claim, the issue becomes
whether reasonable jurists could disagree with this Court's
application of that standard.  Rodriguez, 2023 WL 1967628, at
\*6.  Rodriguez has failed to demonstrate that reasonable jurists

would find, when applying the deferential standard of review

that governs here, that the Appellate Division erred as to this

claim when it affirmed the denial of Rodriguez § 440 motion and

upheld his conviction.

III. Failing to Impeach the Complainant

Lastly, the petitioner argues that the Opinion overlooked

that Rodriguez's trial counsel testified at the § 440 hearing

that his decision to not question JR more aggressively was

motivated by his own race.  That testimony does not suggest that

the petition should be granted.  As the Opinion noted, the

petitioner claimed that defense counsel failed to cross examine

JR adequately.  The trial record revealed, however, that defense

counsel cross examined JR extensively and, in his objections to

the Report, Rodriguez even admits that the examination was quite

aggressive.  Both the § 440 court and the Appellate Division

examined with care the claim about the adequacy of the cross

examination of JR and rejected it.  Rodriguez, 2023 WL 1967628,

at *7.  The issue now is whether the state court reasonably

applied Strickland when it concluded that counsel was not

ineffective in his examination of the complainant.  As explained

in the Opinion, the answer is yes.  See id. at *9.

## Conclusion

The petitioner's February 27 motion for reconsideration is

denied with one exception.  The Court vacates its finding, made

pursuant to 28 U.S.C. § 1925(a)(3), that any appeal taken from

the Opinion of February 13, 2023 would not be taken in good

faith.   The petitioner may file an appeal from that decision and

this decision in forma pauperis.

Dated:     New York, New York
           March 6, 2023

                                    _____
                                         DENISE COTE
                                    United States District Judge

16